Keith A. Bonchi, Esquire *(KAB3664)*
**GOLDENBERG, MACKLER, SAYEGH & MINTZ,**
**PFEFFER, BONCHI & GILL, P.C.**
660 New Road, Suit 1-A
Northfield, NJ 08225
(609) 646-0222(Phone)/(609) 646-0887 (Fax)
Attorneys for Defendants Arianna Holding Company, LLC & Phoenix Funding, Inc. (51333-373)

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| STEVEN BUDGE | : | **UNITED STATES DISTRICT COURT** |
| | : | **CIVIL ACTION** |
| Plaintiff, Pro Se | **:** | **NO. 2:13-cv-00056 (CCC-JAD)** |
| | : | |
| v. | : | |
| | : | |
| ARRIANNA HOLDING COMPANY, LLC | : | |
| AND WACHOVIA BANK, PHOENIX | : | |
| FUNDING, INC. et al. ATT. | **:** | |
| ROBERT DEVECCHIO; CLERKS OF | : | |
| FORECLOSURE UNIT; CLERKS OF | : | |
| THE MIDDLESEX COUNTY COURT; | : | |
| MIDDLESEX COUNTY SUPERIOR | : | |
| COURT; JUDGE CIFFIANI and | : | |
| NJ APPELLANT COURT | : | |
| | **:** | |
| Defendants. | **:** | |

**ANSWER BY DEFENDANT ARIANNA HOLDING COMPANY, LLC & DEFENDANT**
**WACHOVIA BANK AS CUSTODIAN FOR PHOENIX FUNDING, INC.**

Defendants, Arrianna Holding Company, LLC (sic) and

Wachovia Bank, Phoenix Funding, Inc. (sic) by way of Answer say:

JURISDICTION

It is denied that this Court has jurisdiction based upon complete diversity of citizenship, as Defendant Arianna Holding Company, LLC is an entity with its primary place of business within the State of New Jersey.  Additionally, Defendants deny that the amount in controversy requirement has been properly asserted or satisfied by Plaintiff.  Finally, Defendants deny jurisdiction based upon the Rooker-Feldman doctrine.

Defendants deny that it constitutes an illegal enterprise in acts of treat of acts in violation of Civil Rico Federal Racketeering Act USDC 18, 1961-1963 et seq. (sic).

    1.    DENIED.

    2.    DENIED.

    3.    DENIED.

    4.    DENIED.

    5.    DENIED.

    6.    DENIED.

CAUSE OF ACTION

It is denied that the Plaintiff has a valid cause of action in this matter.  It is specifically denied that Phoenix Funding did anything illegal or improper in assigning its lien to Arianna Holding Company, LLC prior to the entry of Final Judgment.  All other allegations in the cause of action are specifically denied.

<u>UNDISPUTED FACTS</u>

It is denied that there are any valid allegations set forth in the alleged undisputed facts.  In fact, it is specifically disputed that Arianna Holding Company, LLC did not take an assignment of the lien and enter Final Judgment in its name.  This was done in the foreclosure in a proper and lawful manner, and it is disputed that Arianna did anything wrong.  It is disputed that Robert Del Vecchio did anything wrong.  Hence, it is disputed that any of the named defendants did anything wrong, but it is undisputed that Plaintiff, Budge, had an opportunity to fully litigate these issues both in the Chancery Division of the Superior Court of New Jersey and the Appellate Division of the Superior Court of New Jersey, and his Petition for Certification to the New Jersey Supreme Court was denied.

**WHEREFORE,** defendants demand judgment dismissing plaintiff's Complaint as follows:

(a)  an Order dismissing the Complaint of the plaintiff with prejudice;

(b)  reimbursing defendant for any counsel fees and costs incurred in this matter;

(c)  an Order barring any future lawsuits on these issues; and

    (d)   any other relief deemed just and equitable.

                            GOLDENBERG, MACKLER, SAYEGH,
                            MINTZ, PFEFFER, BONCHI & GILL

                            _/s/ Keith A. Bonchi_____
                            KEITH A. BONCHI, ESQUIRE

Dated: January __28___, 2013

### FIRST SEPARATE DEFENSE

Failure to state a cause of action upon which relief may be granted.

### SECOND SEPARATE DEFENSE

Res judicata.

### THIRD SEPARATE DEFENSE

Collateral estoppel.

### FOURTH SEPARATE DEFENSE

The complaint should be dismissed for lack of jurisdiction.

### FIFTH SEPARATE DEFENSE

Plaintiff has not been deprived of any right, privilege or immunity secured to it by the United States Constitution or any act of Congress.

### SIXTH SEPARATE DEFENSE

Plaintiff has not been deprived of any right, privilege or immunity secured to it by the Constitution of laws of the State of New Jersey.

### SEVENTH SEPARATE DEFENSE

The complaint is frivolous.

**EIGHTH SEPARATE DEFENSE**

A portion of the Complaint is barred by the Eleventh Amendment to the United States Constitution.

**NINTH SEPARATE DEFENSE**

Any damage sustained by the plaintiff was the result of his own wrongful conduct.

**TENTH SEPARATE DEFENSE**

This Court should abstain from resolving plaintiff's claims asserted under state law, under principles of comity, and federalism and equitable restraint.

**ELEVENTH SEPARATE DEFENSE**

Plaintiff's claims are barred by the Tax Injunction Act, 28 U.S.C. §1341.

**TWELFTH SEPARATE DEFENSE**

Plaintiff's claims are barred by the New Jersey Tax Sale Law.

**THIRTEENTH SEPARATE DEFENSE**

Plaintiff's claims are barred by the Doctrine of Laches.

**FOURTEENTH SEPARATE DEFENSE**

Plaintiff's claims are barred by the Doctrine of Unclean Hands.

**FIFTEENTH SEPARATE DEFENSE**

Plaintiff's claims are barred by the Rooker-Feldman Doctrine.

**CROSS-CLAIM FOR CONTRIBUTION**

**PLEASE TAKE NOTICE** that Answering Defendants demand contribution of co-defendants pursuant to N.J.S.A. 2A:53A-1 et. seq.

**CROSS-CLAIM FOR INDEMNITY**

1.  The Complaint herein alleges torts and other wrongful acts on the part of the answering defendants which is denied.

2.  Should there be any finding of negligence or any other tortious activity on the part of the answering defendants, these defendants' actions would be passive in nature and secondary, whereas the negligence or wrongful conduct of other co-defendants would be active or primary in nature so as to give rise to a cause of action for indemnification.

**WHEREFORE**, Answering Defendants demand indemnification from codefendants, as to any judgment which may be found in favor of plaintiff, together with interest, fees and costs.

```
                          GOLDENBERG, MACKLER, SAYEGH,
                          MINTZ, PFEFFER, BONCHI & GILL


                          _/s/ Keith A. Bonchi_____
                          KEITH A. BONCHI, ESQUIRE
```

Dated:  January __28___, 2013