UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
VICINAGE OF NEWARK

_____

STEVEN BUDGE,
                                        :
          Plaintiff,            Hon. Claire C. Cecchi, U.S.D.J.
                                        :
     v.
                                        :
ARRIANA HOLDING COMPANY, L..C..;     Civil Action No. 13-00056
WACHOVIA BANK; PHOENIX FUNDING          :
INC.; ROBERT DEVECCHIO, OFFICE OF
THE CLERK OF THE SUPERIOR COURT OF :
NEW JERSEY, FORECLOSURE UNIT;
HONORABLE FRANK M. CIUFFANI,            :
P.J.Ch.; SUPERIOR COURT OF NEW
JERSEY, MIDDLESEX VICINAGE; AND THE:
SUPERIOR COURT OF NEW JERSEY,
APPELLATE DIVISION,                     :

          Defendants.            :
_____

_____
          BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
                PLAINTIFF'S COMPLAINT PURSUANT TO
          FED. R. CIV. P. 12(b)(1) and FED. R. CIV. P. 12(b)(6)
_____


                         JEFFREY S. CHIESA
                         ATTORNEY GENERAL OF NEW JERSEY
                         HUGHES JUSTICE COMPLEX
                         P.O. BOX 112
                         TRENTON, NEW JERSEY  08625
                         Attorney for Defendants, Superior
                          Court of New Jersey, Appellate
                          Division; Superior Court of New
                          Jersey, Middlesex Vicinage; Hon.
                          Frank M. Ciuffani, P.J.Ch.; and
                          Office of the Clerk of the
                          Superior Court of New Jersey,
                          Foreclosure Unit

Eric S. Pasternack
Deputy Attorney General
  On the Brief

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT........................................... 1

PROCEDURAL HISTORY AND STATEMENT OF FACTS...................... 2

STANDARD OF REVIEW
      A.  MOTION TO DISMISS,
          PURSUANT TO FED. R. CIV. P. 12(B)(1)................. 5

      B.  MOTION TO DISMISS,
          PURSUANT TO FED. R. CIV. P. 12(B)(6)................. 7

LEGAL ARGUMENT

    POINT I
          THE CLAIMS AGAINST THE STATE DEFENDANTS SHOULD  BE
          DISMISSED PURSUANT TO THE ROOKER-FELDMAN DOCTRINE

    POINT II
          THE COMPLAINT SHOULD BE DISMISSED BECAUSE THE
          STATE DEFENDANTS ARE ENTITLED TO ELEVENTH AMENDMENT
          IMMUNITY........................................... 12

    POINT III
          PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE
          THE STATE DEFENDANTS ARE NOT "PERSONS" SUBJECT TO
          LIABILITY UNDER 42 U.S.S. §§ 1983 AND 1985...........15

    POINT IV
          The COMPLAINT SHOULD BE DISMISSED BECAUSE JUDGE
          CIUFFANI AND THE APPELLATE DIVISION ARE ENTITLED
          TO ABSOLUTE JUDICIAL IMMUNITY...................... 17

    POINT V
          PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE THE
          MIDDLESEX VICINAGE AND THE OFFICE OF THE CLERK ARE
          ENTITLED TO QUASI-JUDICIAL IMMUNITY................. 19

    POINT VI
          PLAINTIFF'S 42 U.S.C. § 1985 CLAIM AGAINST STATE
          DEFENDANTS SHOULD BE DISMISSED BECAUSE PLAINTIFF
          FAILS TO PROVIDE SUFFICIENT FACTS TO SUPPORT A
          § 1985 CLAIM....................................... 22

POINT VII
        DISCOVERY SHOULD BE STAYED PENDING THE RESOLUTION OF
        THE THRESHOLD IMMUNITY QUESTION PRESENTED........... 24

CONCLUSION................................................. 24

## CASES CITED

Akins v. Deptford Township,
  813 F. Supp. 1098 (D.N.J. 1993)................................21

An-Ti Chai v. Michigan Technological University,
  493 F. Supp. 1137 (W.D. Mich. 1980).........................17

Anspach v. City of Philadelphia,
  503 F.3d 256 (3d Cir. 2007)..................................7

Arianna Holding Co. LLC v. Budge,
  212 N.J. 430 (2012).......................................2, 5

Ashbrook v. Hoffman,
  617 F.2d 474 (7th Cir. 1980)................................20

Ashcroft v. Iqbal,
  556 U.S. 662 (2009)..........................................7

Atlantic Coast Line R.R. v. Brotherhood of Locomotive
  Engineers, 398 U.S. 281 (1970)...............................9

Blake v. Papadakos,
  953 F.2d 68, 71 (3d Cir. 1992))..............................12

Black & Yates, Inc. v. Mahogany Assoc.,
  129 F.2d 227 (3d Cir. 1942)..................................23

Bradley v. Fisher,
  80 U.S. 335 (1872)...........................................18

Brandon v. Holt,
  469 U.S. 464 (1985)..........................................16

Briscoe v. LaHue,
  460 U.S._ 325 (1983).........................................17

Brown v. U.S. Steel Corp.,
  2010 U.S. Dist. LEXIS 115503 (W.D. Pa. Oct. 29, 2010) .......6

In re Burlington Coat Factory Sec. Litigation,
  114 F.3d 1410 (3d Cir. 1997).................................8

Butz v. Econmou,
  438 U.S. 478 (1978)..........................................18

Camero v. Kostos,
  253 F. Supp. 331 (D.N.J. 1966)................................8

Campbell v. City of San Antonio,
  43 F.3d 973 (5th Cir. 1995)..................................8

Carter v. City of Phila.,
  181 F.3d 339 (3d Cir. 1999).................................14

Church of Human Potential, Inc. v. Vorsky,
  636 F. Supp. 93 (D.N.J. 1986)...............................23

College Savings Bank v. Florida Prepaid Postsecondary Ed.
  Expense Board, 527 U.S. 666 (1999) .........................13

DeFerro v. Coco,
  719 F. Supp. 379 (E.D. Pa. 1989)............................21

Employees v. Missouri Department of
  Public Health ¶ Welfare,
  411 U.S. 279 (1973).........................................13

Exxon Mobil Corp. v. Saudi Basic Industrial, Inc.,
  544 U.S. 280 (2005).........................................11

FOCUS v. Allegheny County Court of Common Pleas,
  75 F.3d 834 (3d Cir. 1996)..................................12

Farber v. City of Paterson,
  440 F.3d 131 (3d Cir. 2006).................................16

Federal  Maritime Commission v. South Carolina State Ports
  Authority, 535 U.S. 743 (2002) .............................24

Ferri v. Ackerman,
  444 U.S. 193 (1979).........................................18

Fitchik v. N.J. Transit Rail Operations, Inc.,
  873 F.2d 655 (3d Cir. 1989).................................14

Flesch v. E. Pa. Psychiatric Institute,
  434 F. Supp. 963 (E.D. Pa. 1977)............................17

Flight System, Inc. v. Electric Data System,
  112 F.3d 124 (3d Cir. 1997)..................................8

Gould Electrics, Inc. v. United States,

220 F.3d 169 (3d Cir. 2000).................................6, 7

Gregory v. Administrative Office of the Courts of the State
of New Jersey, 168 F. Supp. 2d 319 (D.N.J. 2001)...............15

Griffin v. Breckenridge,
    403 U.S. 88 (1971)........................................23

Guarino v. Larsen,
    11 F.3d 1151 (3d Cir. 1993)..............................6, 10

Harlow v. Fitzgerald,
    457 U.S. 800 (1982).......................................24

Hauptmann v. Wilentz,
    570 F. Supp. 351 (D.N.J. 1983), aff'd, 770 F.2d 1070
    (3d. Cir. 1985)...........................................23

Hawaii v. Gordon,
    373 U.S. 57 (1963)........................................14

Hunter v. Supreme Court of New Jersey,
    951 F. Supp. 1161 (D.N.J. 1996)...........................15

Johnson v. State of New Jersey,
    869 F. Supp. 289 (D.N.J. 1994)............................14

Kalmanovitz v. G. Heileman Brewing Co.,
    595 F. Supp. 1385 (D. Del. 1984), aff'd 769 F.2d 152
    (3d Cir. 1985)............................................23

Kehr Packages, Inc. v. Fidelcor,
    926 F.2d 1406 (3d Cir. 1991)...............................6

Leeward Petroleum, Ltd. v. Mene Grande Oil Co.,
    415 F. Supp. 158 (D.Del. 1976)............................23

Lum v. Bank of America,
    361 F.3d 217 (3d Cir. 2004)................................8

Mireless v. Waco,
    502 U.S. 9 (1991).....................................17, 18

Mitchell v. Forsyth,
    472 U.S. 511 (1985).......................................24

Morrison v. Jones,

607 F.2d 1269 (9th Cir. 1979), <u>cert. denied</u>, 445 <u>U.S</u> 962
(1980) .................................................21

<u>Morse v. Lower Merion School District</u>,
132 F.3d 902 (3d Cir. 1997)...................................7

<u>Mortensen v. First Federal Sav. & Loan Association</u>,
549 F.2d 884 (3d Cir. 1977)...................................5

<u>Mullis v. United States Bankruptcy Court</u>,
828 F.2d 1385 (9th Cir. 1987), <u>cert. denied</u>,
486 U.S. 1040 (1988).......................................21

<u>Natural Resource Defense Council v. California</u>
<u>Department of Transport</u>, 96 F.3d 420 (9th Cir. 1996).........13

<u>Oran v. Stafford</u>,
34 F. Supp. 2d 906 (D.N.J. 1999), <u>aff'd</u>,
226 F.3d 275 (3d Cir. 2000)...................................8

<u>Pennhurst State Sch. & Hospital v. Halderman</u>,
465 U.S. 89 (1984)........................................13, 14

<u>Pierson v. Ray</u>,
386 U.S. 547 (1967).........................................18

<u>Santiago v. N.Y. St. Department of Correction Services</u>,
725 F. Supp. 780 (S.D.N.Y. 1989)............................17

<u>Scarso v. Cuyahoga County Department of Human Services</u>,
747 F. Supp. 381 (N.D. Ohio 1989) ..........................20

<u>Seminole Tribe of Florida v. Florida</u>,
517 U.S. 44 (1996).........................................13

<u>Shelton v. Wallace</u>,
886 F. Supp. 1365 (S.D. Ohio 1995), <u>aff'd</u>,
91 F.3d 144 (6th Cir. 1996) ................................19

<u>Smolow v. Hafer</u>,
353 F. Supp. 2d 561 (E.D. Pa. 2005) ........................6

<u>Stern v. Nix</u>,
840 F.2d 208 (3d Cir.), <u>cert. den.</u>,
488 U.S. 826 (1988) .......................................11

Stump v. Sparkman,
   435 U.S. 349 (1978)........................................18, 22

United Brotherhood of Carpenters & Joiners v. Scott,
   463 U.S. 825 (1983)........................................16, 23

Valenti v. Mitchell,
   962 F.2d 288 (3d Cir. 1992)................................10, 11

Will v. Michigan Department of State Police,
   491 U.S. 58 (1989).........................................13, 16

Worldwide Church of God v. McNair,
   805 F.2d 888 (9th Cir. 1986)...................................9

### FEDERAL STATUTES

28 U.S.C. § 1257................................................9

28 U.S.C. § 1331................................................9

42 U.S.C. § 1983.......................................2, 5, 13, 15

42 U.S.C. § 1985................................1, 16, 22, 23, 24

### FEDERAL RULE CITED

Fed. R. Civ. P. 12(b)(1)..................................5, 6, 25

Fed. R. Civ. P. 12(B)(6)....................................7, 25

### UNITED STATES CONSTITUTION CITED

U.S. Const. amend. XI].........................................13

### NEW JERSEY CONSTITUTION CITED

N.J. Const. art. VI, § 2, ¶ 1.................................19

N.J. Const. art. VI, § 3, ¶ 2.................................18

## PRELIMINARY STATEMENT

Plaintiff and his wife failed to pay the property taxes on the property they owned in the Township of Old Bridge. Therefore, the Township sold a tax sale certificate to Plaintiff's property and a final judgment of foreclosure was ultimately entered on May 4, 2011. Plaintiff moved to vacate the final judgment and twice moved for reconsideration. The Honorable Frank M. Ciuffani, P.J.Ch., denied Plaintiff's motions, and Plaintiff unsuccessfully appealed to the Superior Court of New Jersey, Appellate Division and the New Jersey Supreme Court. Plaintiff then filed a Complaint in this Court seeking the reversal of the final judgment of foreclosure and money damages.

Plaintiff has named as defendants, the Office of the Clerk of the Superior Court of New Jersey, Foreclosure Unit (improperly pled as "Clerks of the Foreclosure Unit"); the Superior Court of New Jersey, Middlesex Vicinage (improperly pled as the "Middlesex County Superior Court"); the Honorable Frank M. Ciuffani, P.J.Ch. (improperly pled as "Judge Ciffiani"); and the Superior Court of New Jersey, Appellate

Division   (improperly   pled   as   the   "NJ   Appellant   Court")
(hereinafter the "State Defendants").[1]

Plaintiff's Complaint should be dismissed because this court lacks subject matter jurisdiction and the Complaint fails to state a claim upon which relief can be granted.  First, this court lacks subject matter jurisdiction under the Rooker-Feldman doctrine. Second, the State Defendants are entitled to Eleventh Amendment immunity from suit and are not "persons" amenable to suit under 42 U.S.C. §§ 1983 and 1985.  Third, the State Defendants are either entitled to absolute judicial immunity or absolute quasi-judicial immunity. Finally, the State Defendants request that discovery be stayed pending the resolution of this motion.

Therefore,  the  entirety  of  Plaintiff's  Complaint should be dismissed with prejudice.

## PROCEDURAL HISTORY AND STATEMENT OF FACTS

Plaintiff failed to pay the property taxes on the property that he owned with his wife in the Township of Old Bridge (the "Township"). Arianna Holding Co., LLC v. Budge, 2012 N.J. Super. Unpub LEXIS 1109, *1 (App Div. May 21, 2012). As a result of their delinquency, the Township sold a tax sale

---

[1]      Plaintiff has also named as defendants, Arianna Holding Company, LLC; Wachovia Bank; Phoenix Funding, Inc.; Robert DeVecchio.

certificate to Wachovia Bank, NA, as Custodian for Phoenix Funding, Inc. on March 8, 2006. Id.

Wachovia filed an action in 2008 to foreclose on the tax sale certificate. Id. Plaintiff then filed a motion seeking an extension of time to pay the taxes and the Foreclosure Unit deemed that Plaintiff's filing constituted an answer contesting the foreclosure. Id. Wachovia responded by cross-moving to strike Plaintiff's pleading, to deny his motion for additional time and to return the matter to the Office of the Clerk as an uncontested answer. Id.

On February 23, 2009, an order was entered that denied Plaintiff's motion for additional time and granted Wachovia's motion to strike Plaintiff's pleadings, thereby returning the matter to the Office of the Clerk as uncontested Id. at *1-*2. Thereafter, Wachovia moved for the entry of default and for an order setting the time, amount and place of redemption. Id. at *2. Default was entered on March 10, 2011, and the amount for redemption was set at $41,418.12 plus $1,272 in costs. Id.

Plaintiff then moved to vacate the default. Id. At oral argument on April 29, 2011, Plaintiff conceded that he had not paid the property taxes since 2006. Id. Judge Ciuffani consequently denied Plaintiff's motion. Id. at *2-*3.

On May 4, 2011, Wachovia assigned the tax sale certificate to Arianna Holding Company, LLC ("Arianna") for

3

$55,000. Id. at *3. An order substituting Arianna as plaintiff was entered on May 25, 2011. Id. A final judgment of foreclosure was entered that same day. Id.

Plaintiff then moved to vacate the final judgment and again for reconsideration of the April 29, 2011 order. Id. Judge Ciuffani held oral argument on Plaintiff's motions, during which Plaintiff argued that Arianna was improperly substituted as plaintiff. Id. By an order entered on June 28, 2011, Judge Ciuffani denied Plaintiff's motion to vacate final judgment and his motion for reconsideration. Id. at *4. Plaintiff again moved for reconsideration, and Judge Ciuffani once more denied Plaintiff's motion on August 5, 2011. Id.

On appeal, Plaintiff claimed "that the trial court erred in denying his motions to vacate the default judgment; [that] Arianna lacked standing to move for final judgment; [that] and there was 'clerical error' that mandated vacating the May 25 final judgment." Id. The Appellate Division found that Plaintiff's arguments lacked merit, and it affirmed. Id. More specifically, the Appellate Division found (1) that Plaintiff's "allegations of 'fraud, misrepresentation and improper notice" are unsubstantiated"; (2) that "the assignment of the tax sale certificate and the substitution of Arianna as plaintiff fully complied with the Tax Sale Law," N.J. Stat. Ann. § 54:5-1 to -137; (3) that "the substitution of Arianna as plaintiff was

4

authorized by court order entered on May 25, 2011"; and (4) that Plaintiff "provides no proof of fraud in either the transfer of the certificate or the prosecution of the foreclosure that would justify reopening the judgment." Id. at *4-*7. On October 18, 2012, the New Jersey Supreme Court denied Plaintiff's petition for certification. Arianna Holding Co. LLC v. Budge, 212 N.J. 430 (2012).

Plaintiff, thereafter, Plaintiff filed this lawsuit on January 3, 2013, against Arianna Holding Company, LLC; Wachovia Bank; Phoenix Funding, Inc.; Robert DeVecchio; the Office of the Clerk; the Middlesex Vicinage; Judge Ciuffani; and the Appellate Division. (CM/ECF # 1). Plaintiff seeks the reversal of the final judgment of foreclosure and money damages under 42 U.S.C. §§ 1983 and 1985. (Pl. Comp., pg. 9).

The State Defendants Motion to Dismiss in Lieu of an Answer follows.

### STANDARD OF REVIEW

### A.   MOTION TO DISMISS, PURSUANT TO FED. R. CIV. P. 12(B)(1)

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(1), a District Court must distinguish between facial and factual challenges to its subject matter jurisdiction. Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). "In a facial attack a Defendant argues that the Plaintiff did not properly plead jurisdiction .

. . [whereas] a 'factual attack' asserts that jurisdiction is lacking on the basis of facts outside of the pleadings." Smolow v. Hafer, 353 F. Supp. 2d 561, 566 (E.D. Pa. 2005). On the other hand, if the Court is considering a "factual" attack, where a challenge is based on the sufficiency of the jurisdictional fact, the Court is free to weigh the evidence and satisfy itself whether it has the power to hear the case. Brown v. U.S. Steel Corp., 2010 U.S. Dist. LEXIS 115503, at *6 (W.D. Pa. Oct. 29, 2010). For both categories of attack a plaintiff has the burden of proving jurisdiction.

In the instant case, the State Defendants assert that this Court lacks jurisdiction to hear this case because this suit is barred by the Eleventh Amendment and the Rooker-Feldman doctrines. See Gould Elecs., Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000) (holding that an Eleventh Amendment defense is properly addressed in a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), and not 12(b)(6)) (citing Kehr Packages, Inc. v. Fidelcor, 926 F.2d 1406, 1409 (3d Cir. 1991)); Guarino v. Larsen, 11 F.3d 1151, 1156-57 (3d Cir. 1993) (holding that the Rooker-Feldman doctrine divests a District Court of subject matter jurisdiction when applicable).

In addressing a facial attack to jurisdiction, such as the one asserted here, this Court should "consider the allegations of the complaint and documents referenced therein

6

and attached thereto, in the light most favorable to the PlaintifF." <u>Gould Elecs.,</u> 220 F.3d 176 (citations omitted). Nonetheless, Plaintiff has the burden of proving that the Court has jurisdiction, and the Plaintiff has failed to do so here. <u>Id.</u>

**B.    <u>MOTION TO DISMISS, PURSUANT TO FED. R. CIV. P. 12(B)(6)</u>**

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(B)(6), a reviewing court must accept the plaintiff's pled factual allegations as being true. However, this tenet is "inapplicable to legal conclusions." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). <u>See also</u> <u>Anspach v. City of Philadelphia</u>, 503 F.3d 256, 260 (3d Cir. 2007) (quoting <u>Morse v. Lower Merion School Dist.,</u> 132 F.3d 902, 906 (3d Cir. 1997) (conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss).

Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." <u>Iqbal</u>, 556 U.S. at 678. Where the claims asserted are fatally defective and the plaintiff cannot plead any facts to support his claims, it is appropriate for the court to dismiss a complaint without permitting the plaintiff to make a curative amendment of his pleading. <u>Oran v. Stafford</u>, 34 F. Supp. 2d 906, 913-14 (D.N.J. 1999), <u>aff'd</u>, 226 F.3d 275 (3d Cir. 2000). Thus, dismissal for failure to state a claim is justified where the asserted claim

lacks a required element, Campbell v. City of San Antonio, 43 F.
3d 973, 975 (5th Cir. 1995), or where there is an "insuperable
barrier" to a claim such as an immunity, res judicata,
collateral estoppel or the entire controversy doctrine. See
Flight Sys., Inc. v. Elec. Data Sys., 112 F.3d 124, 127-28 (3d
Cir. 1997); Camero v. Kostos, 253 F. Supp. 331, 338 (D.N.J.
1966).

　　　　Finally, when evaluating motions to dismiss, "courts
generally consider only the allegations in the complaint,
exhibits attached to the complaint, matters of public record,
and documents that form the basis of a claim." Lum v. Bank of
Am., 361 F.3d 217, 222 n.3 (3d Cir. 2004). A document is found
to form the basis of a claim where it is "integral to or
explicitly relied upon in the complaint." In re Burlington Coat
Factory Sec. Litig, 114 F.3d 1410, 1426 (3d Cir. 1997). "The
purpose of this rule is to avoid the situation where a plaintiff
with a legally deficient claim that is based on a particular
document can avoid dismissal of that claim by failing to attach
the relied upon document." Lum, 361 F.3d at 222 n.3.

　　　　Here, a review of the Complaint reveals no factual
basis or legal theory upon which Plaintiff can prevail against
the State Defendants. Thus, the Complaint should be dismissed
with prejudice as to the State Defendants.

**LEGAL ARGUMENT**

## POINT I

### THE CLAIMS AGAINST THE STATE DEFENDANTS SHOULD BE DISMISSED PURSUANT TO THE ROOKER-FELDMAN DOCTRINE

Plaintiff's Complaint is an impermissible attempt to appeal concluded state court proceedings. According to the Rooker-Feldman abstention doctrine, federal district courts have no authority to hear appeals from state court decisions. This rule arises from the interplay of two jurisdictional statutes, 28 U.S.C. § 1331, which grants district courts original jurisdiction over "civil actions arising under" federal law, and 28 U.S.C. § 1257, which grants the Supreme Court the right to review "final judgments ... rendered by the highest court of a State." In Rooker, the Supreme Court construed these statutory provisions to mean that only the Supreme Court, and not the lower federal courts, may review decisions of the highest court of a state. Rooker, supra, 263 U.S. at 415-16; See Feldman, 460 U.S. at 482-86; Atlantic Coast Line R.R. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 296 (1970). This is true even when federal constitutional issues are at stake. Worldwide Church of God v. McNair, 805 F.2d 888, 891 (9th Cir. 1986).

A key principle that underlies the Rooker-Feldman doctrine is that of comity and respect for the state adjudicatory process. "Just as federal district courts should presume that pending state court proceedings can correctly

resolve federal questions, they should also presume that completed state court proceedings have correctly resolved these questions." Guarino v. Larsen, 11 F.3d 1151, 1157 (3d Cir. 1993). A second justification for the doctrine comes from its similarity to claim preclusion -- ensuring that litigants do not take multiple bites from the same apple. Id.

In Guarino, the Third Circuit explained its reasoning as follows:

> When a litigant expects that a court is willing to consider its legal claims, raises some of those claims, and has those claims adjudicated, it makes sense to apply normal principles of claim preclusion to hold that the litigant has waived any legal claims he or she fails to raise which have arisen from the same transaction as those claims a litigant did raise.

> [Guarino, supra, 11 F.3d at 1160.]

A plaintiff cannot escape the jurisdictional bar of the Rooker-Feldman doctrine by raising a constitutional theory in federal court that was not raised in the state court action. Valenti v. Mitchell, 962 F.2d 288, 296 (3d Cir. 1992). Under principles of claim preclusion, if a litigant had a full and fair opportunity to litigate a constitutional claim in a state court proceeding, the litigant is barred from raising such a claim in federal court. A disgruntled party to state court litigation cannot collaterally attack the results of that litigation by claiming constitutional error in federal court.

See Exxon Mobil Corp. v. Saudi Basic Indus., Inc., 544 U.S. 280, 284 (2005) (Rooker-Feldman doctrine properly bars claims by "state court losers" complaining of "state court injuries").

In the instant matter, Plaintiff's Complaint is a veiled attempt at appellate review of State court determinations. Although Plaintiff alleges violations of his constitutional rights, his Complaint merely complains that a number of Superior Court determinations were made in error. As such, in order to adjudicate Plaintiff's claims, this Court must act as a "court of appeals" over the state court proceedings.

The Third Circuit has held that district courts applying Rooker-Feldman should look to the nature of the relief sought. Valenti, 962 F.2d at 297. If the relief sought is injunctive in nature, then the claim is, in effect, seeking a reversal of the state court decision and is therefore barred by the doctrine. Id. See also Stern v. Nix, 840 F.2d 208, 212 (3d Cir.), cert. den., 488 U.S. 826 (1988). The doctrine also applies when granting the relief sought would require the federal court to determine whether the state court judgment was erroneous or to act in a way that would make the state judgment ineffectual. FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834, 840 (3d Cir. 1996). The lower federal courts should abstain from adjudicating any issue which is "inextricably intertwined" with the state court proceeding. See In re General

11

Motors Corp. Pick-Up Truck Fuel Tank Prods. Lab. Lithog., 134 F. 3d 133, 143 (3d Cir. 1998)(quoting Blake v. Papadakos, 953 F.2d 68, 71 (3d Cir. 1992)).

While Plaintiff purports to assert a cause of action for alleged violations of his constitutional rights, in reality, Plaintiff's Complaint is an impermissible attempt to interfere with holdings of the Superior Courts. Plaintiff can only recover the damages and relief sought in this action if this Court finds that the State courts erred in their adjudication of the property tax matter. This is forbidden under the Rooker-Feldman doctrine.

Therefore, Plaintiff's Complaint is barred by the Rooker-Feldman doctrine, and all claims against the State Defendants should be dismissed with prejudice.

## POINT II

**THE COMPLAINT SHOULD BE DISMISSED BECAUSE THE STATE DEFENDANTS ARE ENTITLED TO ELVENTH AMENDMENT IMMUNITY.**

The Complaint should be dismissed because the Constitution bars federal jurisdiction over lawsuits brought by individuals against a state unless the state has consented to such jurisdiction. See College Savings Bank v. Florida Prepaid Postsecondary Ed. Expense Bd., 527 U.S. 666, 669 (1999); see also Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996). This protection from federal jurisdiction emanates from

the Eleventh Amendment of the United States Constitution, which states:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

[U.S. Const. amend. XI].

In other words, "'an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state.'" Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984) (quoting Employees v. Missouri Dep't of Public Health & Welfare, 411 U.S. 279, 280 (1973)).

This sovereign immunity is not limited to the State itself, but extends to State agencies and State officers who act on behalf of the State, as well. Natural Res. Defense Council v. California Dep't of Transp., 96 F.3d 420 (9th Cir. 1996). Eleventh Amendment immunity further bars recovery in suits brought pursuant to 42 U.S.C. § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 64 (1989). Moreover, a suit against state officials is barred if the decree would operate against the sovereign irrespective of whether the suit seeks monetary damages or injunctive relieF. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101 (1984) (citing Hawaii v. Gordon, 373

13

U.S. 57, 58 (1963)). Therefore, a suit is barred by Eleventh Amendment immunity where "'even though the state is not named as a party to the action, . . . the state is the <u>real party-in-interest</u>.'" <u>Carter v. City of Phila.</u>, 181 F.3d 339, 347 (3d Cir. 1999) (quoting <u>Fitchik v. N.J. Transit Rail Operations, Inc.</u>, 873 F.2d 655, 659 (3d Cir. 1989)) (emphasis added).

A state is a party-in-interest in a proceeding where "'the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration,' or if the effect of the judgment would be 'to restrain the Government from acting, or to compel it to act.'" <u>Fitchik</u>, 873 F.2d at 659 (quoting <u>Pennhurst</u>, 465 U.S. at 101 n.11). In <u>Fitchik</u>, the Third Circuit established a three-factor test to determine whether the state is a real party in interest: "(1) Whether the money that would pay the judgment would come from the state . . . ; (2) The status of the agency under state law . . . ; and (3) What degree of autonomy the agency has." 873 F.2d at 659.

It is well-established that the Superior Court of New Jersey, its Vicinages, and its officials are entitled to Eleventh Amendment sovereign immunity. <u>See</u> <u>Johnson v. State of New Jersey</u>, 869 F. Supp. 289, 298 (D.N.J. 1994); <u>Hunter v. Supreme Court of New Jersey</u>, 951 F. Supp. 1161, 1177 (D.N.J. 1996), <u>aff'd</u>, 118 F.3d 1575 (3d Cir. 1997); <u>Gregory v.</u>

14

<u>Administrative Office of the Courts of the State of New Jersey</u>, 168 F. Supp. 2d 319 (D.N.J. 2001).

Accordingly, the Complaint should be dismissed as it pertains to the State Defendants because these defendants are entitled to Eleventh Amendment immunity from suit.

### POINT III

**PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE THE STATE DEFENDANTS ARE NOT "PERSONS" SUBJECT TO LIABILITY UNDER 42 U.S.C. §§ 1983 AND 1985.**

Plaintiff's allegations brought pursuant to 42 U.S.C. §§ 1983 and 1985 should be dismissed as the State Defendants are not "persons" subject to liability under the statute. Specifically, 42 U.S.C. § 1983 states:

> Every <u>person</u> who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]
>
> [(Emphasis added).]

Likewise, a <u>prima facie</u> claim under 42 U.S.C. § 1985 for conspiracy to interfere with civil rights requires that: 1) two or more <u>persons</u> in any state or territory; 2) conspired to deprive any person of equal protection, or of equal privileges

15

and immunities under the laws; 3) by doing, or causing to be done, any act in furtherance of the object of the conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States. Farber v. City of Paterson, 440 F.3d 131, 134 (3d Cir. 2006) (quoting United Bhd. of Carpenters & Joiners v. Scott, 463 U.S. 825, 828-29 (1983)).

Plaintiff's §§ 1983 and 1985 claims should be dismissed because the State Defendants are not regarded as "persons" subject to suit as defined in those statutes. While State officials literally are persons, a suit against the state official in his or her official capacity is not a suit against the official, but is a suit against the official's office. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (citing Brandon v. Holt, 469 U.S. 464, 471 (1985)). As such, it is no different from a suit against the State itseIF. Id. Courts have applied the Supreme Court's rationale in Will, to § 1985 claims, holding that states, state agencies, and state officials are not "persons" within the meaning of § 1985 and § 1986. See Flesch v. E. Pa. Psychiatric Inst., 434 F. Supp. 963, 975 (E.D. Pa. 1977)(noting that "[a]lthough the Supreme Court has not decided the issue, courts are in agreement" that the analysis of the word "person" for purposes of § 1983 applies equally to use of word "person" in § 1985); Santiago v. N.Y. St. Dep't of Corr.

16

Servs., 725 F. Supp. 780, 783-84 (S.D.N.Y. 1989)(explaining the "principle that 'under [§§] 1983 and 1985[,] the term 'persons' has the same meaning") (quoting An-Ti Chai v. Michigan Technological Univ., 493 F. Supp. 1137 (W.D. Mich. 1980)), rev'd on other grounds, 945 F.2d 25 (2d Cir. 1991);

Therefore, as a matter of law, Plaintiff's §§ 1983 and 1985 claims should be dismissed against the Appellate Division, Office of the Clerk, the Middlesex Vicinage and Judge Ciuffani, in his official capacity, because the State Defendants are not "persons" subject to suit under §§ 1983 and 1985.

### POINT IV

**THE COMPLAINT SHOULD BE DISMISSED BECAUSE JUDGE CIUFFANI AND THE APPELLATE DIVISION ARE ENTITLED TO ABSOLUTE JUDICIAL IMMUNITY.**

It has long been held that judges and courts are entitled to absolute immunity from suits based upon the performance of their judicial functions. Mireless v. Waco, 502 U.S. 9, 9-10, (1991) (per curiam); Briscoe v. LaHue, 460 U.S. 325, 334 (1983); Stump v. Sparkman, 435 U.S. 349, 359 (1978); Bradley v. Fisher, 80 U.S. 335, 347 (1872).

Judicial immunity was established in order to permit judges to render decisions "with independence and without fear of consequences." Pierson v. Ray, 386 U.S. 547, 554 (1967). Judicial immunity is intended to provide judges with the maximum ability to act fearlessly and impartially, without an atmosphere

17

of intimidation. <u>Ferri v. Ackerman</u>, 444 U.S. 193, 203-04 (1979). It is necessary to assure that judges can perform their function without harassment or intimidation. <u>Butz v. Econmou</u>, 438 U.S. 478, 512 (1978).

Judges are generally immune from suits for money damages regarding their judicial functions. <u>Mireless</u>, 502 U.S. at 9. There are two recognized exceptions to this immunity from money damages: (1) where the judge acts in a non-judicial capacity; and (2) where the judge acts in complete absence of all jurisdiction. <u>Mireles</u>, 502 U.S. at 11-12. The term "jurisdiction" should be construed broadly, and an act should only be deemed taken in the complete absence of jurisdiction if it was clearly beyond the scope of the judge's subject matter jurisdiction. <u>Id</u>. at 13.

Judge Ciuffani and the Appellate Division had subject matter jurisdiction over the proceedings at issue here. <u>See</u> <u>also</u> N.J. Const. art. VI, § 3, ¶ 2 ("[t]he Superior Court shall have original jurisdiction throughout the State in all causes."); N.J. Const. art. VI, § 2, ¶ 1 ("[t]he judicial power shall be vested in a Supreme Court, a Superior Court, County Courts and inferior courts of limited jurisdiction."). Plaintiff's allegations, moreover, arise as a result of the rulings made by the Judge Ciuffani and the judges of the Appellate Division.

Therefore, Judge Ciuffani and the Appellate Division are entitled to absolute judicial immunity.

**POINT V**

**PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE THE MIDDLESEX VICINAGE AND THE OFFICE OF THE CLERK ARE ENTITLED TO QUASI-JUDICIAL IMMUNITY.**

This Complaint should be dismissed because the conduct attributed to the Middlesex Vicinage and the Office of the Clerk was taken by those entities in the capacity as an arm of the judiciary. Under the doctrine of quasi-judicial immunity, the sister doctrine of absolute judicial immunity, judiciary employees carrying out functions immediately associated with the judicial process, including the enforcement of court orders, are entitled to absolute immunity.

Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered to be figurative arms of the very commanding judge who is immune. Shelton v. Wallace, 886 F. Supp. 1365, 1371 (S.D. Ohio 1995), aff'd, 91 F.3d 144 (6th Cir. 1996); See Scarso v. Cuyahoga County Dept. of Human Servs., 747 F. Supp. 381, 385 (N.D. Ohio 1989)(noting that "[i]n addition to protecting judges from civil liability, absolute judicial immunity shields agents of the court who are acting

under the direction of the court"), aff'd in part, 917 F.2d 1305 (6th Cir. 1990).

The public policies advanced by quasi-judicial immunity mirror those that underlie judicial immunity. In Ashbrook v. Hoffman, 617 F.2d 474 (7th Cir. 1980), the court explained that:

> The same policies which underlie the grant of absolute judicial immunity to judges justify the grant of immunity to those conducting activities intimately related to the judicial process. On one hand is the policy that an official making quasi-judicial discretionary judgments should be free of the harassment of private litigation in making those judgments. On the other hand a non-judicial officer who is delegated judicial duties in aid of the court should not be a lightning rod for harassing litigation aimed at the court. Thus, if acts, alleged to be wrongful, were committed by the officer in the performance of an integral part of the judicial process, then the officer is absolutely immune from suit.
>
> [Id. at 476 (internal quotation marks and citations omitted).]

Courts have not hesitated to afford quasi-judicial immunity to court clerks performing ministerial duties, as well as, others acting on behalf of the court with respect to claims arising from the discharge of their official duties. Akins v. Deptford Twp., 813 F. Supp. 1098, 1193 (D.N.J. 1993). See also Mullis v. United States Bankruptcy Court, 828 F.2d 1385 (9th Cir. 1987), cert. denied, 486 U.S. 1040 (1988) (holding that Bankruptcy

Court clerks enjoyed absolute quasi-judicial immunity because the "commencement of an action by filing a complaint or petition is a basic and integral part of the judicial process" and the clerks had subject matter jurisdiction); Morrison v. Jones, 607 F.2d 1269 (9th Cir. 1979) (observing that a court clerk who allegedly failed to send notice of an order was entitled to quasi-judicial immunity), cert. denied, 445 U.S 962 (1980); DeFerro v. Coco, 719 F. Supp. 379, 381 (E.D. Pa. 1989) (holding that a clerk was immune from liability for allegedly failing to file motion papers).

Here, Plaintiff alleges that the Middlesex Vicinage and the Office of the Clerk failed to file Plaintiff's motions. (Pl. Comp., ¶¶ 5, 6). The filing of motion papers is an integral part of the judicial process and it is through the Middlesex Vicinage and the Office of the Clerk that such filing is done. See Mullis, 828 F.2d at 1390. Consequently, the Middlesex Vicinage and the Office of the Clerk qualify for absolute quasi-judicial immunity.

A mistake or an act in excess of jurisdiction does not abrogate judicial immunity, even where it results in "grave procedural errors." Stump, 435 U.S. at 359. While Plaintiff alleges the existence of clerical error, all of the acts complained of are within the general "subject matter jurisdiction" of the Middlesex Vicinage and the Office of the

21

Clerk. As a result, these entities have quasi-judicial immunity and because they did not act in the clear absence of all jurisdiction, the Middlesex Vicinage and the Office of the Clerk are absolutely immune from suit.

### POINT VI

**PLAINTIFF'S 42 U.S.C. § 1985 CLAIM AGAINST STATE DEFENDANTS SHOULD BE DISMISSED BECAUSE PLAINTIFF FAILS TO PROVIDE SUFFICIENT FACTS TO SUPPORT A § 1985 CLAIM.**

Though Plaintiff attempts to allege a conspiracy between the State Defendants, Plaintiff only asserts baseless allegations of a conspiracy and such legal conclusions, devoid of any factual allegations, are not entitled to the assumption of truth. See Iqbal, 556 U.S. at 679.

To establish a conspiracy claim under 42 U.S.C. § 1985, a plaintiff must allege (1) the defendants conspired; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; (3) the defendants engaged in an act in furtherance of the conspiracy; and (4) an injury to a person or property or deprivation of any right or privilege of a citizen of the United States. United Brotherhood of Carpenters & Joiners Local 610 v. Scott, 463 U.S. 825, 828-29 (1983) (citing Griffin v. Breckenridge, 403 U.S. 88, 102-103 (1971)).

A complaint pursuant to 42 U.S.C. § 1985 must be pled with factual specificity as to the actions defendants took that show the defendants agreed to conspire and acted in furtherance of the conspiracy. See Church of Human Potential, Inc. v. Vorsky, 636 F. Supp. 93, 96 (D.N.J. 1986); Hauptmann v. Wilentz, 570 F.Supp. 351, 385 (D.N.J. 1983), aff'd, 770 F.2d 1070 (3d. Cir. 1985). The allegations of conspiracy must be grounded firmly in facts; they cannot be conclusory nor can they hinge on bare suspicions and foundationless speculation. Kalmanovitz v. G. Heileman Brewing Co., 595 F. Supp. 1385, 1400 (D. Del. 1984), aff'd 769 F.2d 152 (3d Cir. 1985) (citing Black & Yates, Inc. v. Mahogany Assoc., 129 F.2d 227 (3d Cir. 1942); Leeward Petroleum, Ltd. v. Mene Grande Oil Co., 415 F. Supp. 158 (D.Del. 1976)). An "inference [of conspiracy] . . . from the Complaint . . . [is] no substitute for the requirement that the circumstances of the conspiracy be pleaded with specificity." Kalmanovitz, 595 F. Supp. at 1400-01.

In this case, Plaintiff has failed to plead sufficient facts to support his conspiracy claims. The Plaintiff does not specifically plead or set forth any facts against the State Defendants with regard to a conspiracy. Rather, Plaintiff offers a solely conclusory allegation that the State Defendants conspired against him. For these reasons, Plaintiff's conspiracy claims under 42 U.S.C. § 1985 must be dismissed.

## POINT VII

## DISCOVERY SHOULD BE STAYED PENDING THE RESOLUTION OF THE THRESHOLD IMMUNITY QUESTION PRESENTED.

The State Defendants request that discovery be stayed pending resolution of their motion to dismiss. The State Defendants have asserted their defenses and immunities, including the Rooker-Feldman doctrine, Eleventh Amendment immunity, absolute judicial immunity, and absolute quasi-judicial immunity from suit. As noted by the United States Supreme Court in Harlow v. Fitzgerald, "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Indeed, the entitlement is an immunity from suit and not a mere defense to liability. Mitchell v. Forsyth, 472 U.S. 511, 526 (1985); Fed. Mar. Comm'n v. South Carolina State Ports Auth., 535 U.S. 743, 766 (2002).

For that reason, the State Defendants respectfully request that discovery be stayed during the pendency of this motion to dismiss.

## CONCLUSION

For all the foregoing reasons, it is respectfully requested that the State Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6) should be granted, all claims against the State Defendants should be

24

dismissed with prejudice, and discovery stayed pending this Court's resolution of this motion.

                              Respectfully submitted,

                              JEFFREY S. CHIESA
                              ATTORNEY GENERAL OF NEW JERSEY

                       By:  /s/ Eric S. Pasternack
                              Eric S. Pasternack
                              Deputy Attorney General

Dated:  May 24, 2013