NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN BUDGE, <br><br> Plaintiff, <br><br> v. <br><br> ARRIANNA HOLDING COMPANY, LLC, ET AL. <br><br> Defendants. | Civil Action No.: 13-0056 (CCC) <br><br> **OPINION** |

**CECCHI, District Judge.**

This matter comes before the Court on the motion of Defendants Arianna Holding Company, LLC ("Arianna") and Phoenix Funding, Inc. ("Phoenix") (collectively, "Defendants") to dismiss the Complaint filed by Plaintiff Steven Budge ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court has considered the submissions made in support and in opposition to the instant motion.[1] The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. Based on the reasons that follow, Defendants' motion to dismiss is granted without prejudice. Plaintiff is granted fourteen (14) days in which to file an Amended Complaint that cures the pleading deficiencies discussed below.

**I.      BACKGROUND**

---

[1] The Court considers any arguments not presented by the parties to be waived. See Brenner v. Local 514, United Bhd. of Carpenters & Joiners, 927 F.2d 1283, 1298 (3d Cir. 1991) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument.").

1

Plaintiff was the owner of property located at 242 Outlook Boulevard, Old Bridge, New Jersey (the "Property"). On March 8, 2006 the Township of Old Bridge sold Tax Sale Certificate No. 06022 for unpaid property taxes on the Property. (Tax Sale Certificate, Ex. A to Bonchi Cert.)[2] Defendant Wachovia, as Custodian for Phoenix,[3] purchased the tax sale certificate, which was subsequently recorded with the Middlesex County Clerk's Office on March 17, 2006.

Wachovia, as Custodian for Phoenix, filed a foreclosure complaint with the New Jersey Superior Court on June 30, 2008. (See Ex. B to Bonchi Cert.) On March 10, 2011, the Superior Court entered default against Plaintiff. (See March 10, 2011 Order, Ex. C to Bonchi Cert.) On the same day, the Superior Court entered an order setting the amount, time and place of redemption. (See March 10, 2011 Order, Ex. D to Bonchi Cert.) Specifically, April 26, 2011 was set as the last date to redeem. (Id.) Plaintiff filed a motion to vacate default in order to file a late pleading, which was denied by the Superior Court. (See April 29, 2011 Order, Ex. E to Bonchi Cert.)

Plaintiff failed to redeem the tax lien and on May 4, 2011, Wachovia, as Custodian for Phoenix, assigned the subject tax sale certificate to Arianna. (See Ex. F to Bonchi Cert.) On May 25, 2011, Arianna was substituted as the plaintiff in the underlying foreclosure matter. (See May 25, 2011 Order, Ex. G to Bonchi Cert.) On that same day, final judgment was entered in

---

[2] Although Plaintiff did not attach the tax sale certificate or other relevant documents to his Complaint, the Court can consider these documents without converting Defendants' motion to dismiss into one for summary judgment. Although "courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record" when deciding a motion to dismiss, "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).

[3] Defendant Wachovia, as Custodian for Phoenix, is improperly pled as "Wachovia Bank, Phoenix Funding, Inc."

2

favor of Arianna. (See Ex. H to Bonchi Cert.) Budge filed an appeal with the Appellate Division, which affirmed the Superior Court's decision. See Arianna Holding Co., LLC v. Budge, 2012 N.J. Super. Unpub. LEXIS 1109 (App.Div. May 21, 2012). Budge then filed a petition for certification with the Supreme Court of New Jersey, which was denied on October 18, 2012. Arianna Holding Co., LLC v. Budge, 212 N.J. 430 (N.J. 2012).

Plaintiff filed suit in this Court on January 1, 2013. On February 13, 2013, Defendants filed their motion to dismiss.

## II. DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)

### A. Legal Standard

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Furthermore, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 129 S. Ct. at 1949.

### B. Discussion

Plaintiff alleges that Arianna "improperly filed a motion for final foreclosure" on the Property "when Arianna was not a party to the foreclosure complaint" and "had no standing in

3

the court to file such a motion." (Pl. Compl. 5.) Plaintiff further claims that Arianna "filed for a change of plaintiff Order [sic] without notice to Plaintiff . . . after filing Motion for final foreclosure . [sic]" (Id.) The Complaint, in unedited form as follows, states that "[t]he tax sale certificate Original holder Phoenix Funding , Inc. and assigned behind closed doors, Arianna Holding Company LLC, (not a party to the complaint) without notice to the Plaintiff Budge. Filed a motion for final foreclosure, Therefore, did not have standing and could not invoke the Jurisdiction of the Court when filed a motion for final foreclosure, and thereby foreclosed on the property unlawfully with a small investment and has been unjustly enriched." (Compl. 6.)[4] In Plaintiff's Opposition to Defendants' motion, he asserts, in unedited form, that

> Wachovia Bank Inc. custodian for Phoenix funding Inc. have instituted actions to foreclose on the tax certificates, Arianna Holding contracted with Wachovia to purchase the tax Certificates behind closed doors without notice to the Plaintiff Budge and whilst Wachovia attorney was negotiating with defendants attorney to give additional time to redeem tax certificate, (Arianna filed a motion for final foreclosure without intervening in the action to become a party) defendants' properties and arranged for the redemption of the tax certificates, without intervening first in the foreclosure action...Arianna holding violated substantive law by not intervening to become a plaintiff or party in the matter, before filing a motion for final foreclosure. (Pl. Opp. 5-6.)

Defendants argue that Plaintiff's complaint must be dismissed on the basis of the Rooker-Feldman doctrine, which prevents federal courts from reviewing state disputes that have already been decided by state courts. The Rooker-Feldman doctrine precludes "lower federal court jurisdiction over claims that were actually litigated or 'inextricably intertwined' with adjudication by a state's courts." Parkview Assocs. Pshp. v. City of Leb., 225 F.3d 321, 325 (3d Cir. 2000) (quoting Gulla v. North Strabane Township, 146 F.3d 168, 171 (3d Cir. 1998)).

---

[4] Plaintiff's Complaint also includes claims, not at issue in this motion to dismiss, against Robert Del Vecchio (counsel for Defendants in the state court proceeding), the Superior Court and State Court Judge Ciuffani.

Under the Rooker-Feldman doctrine, "the District Court lacks jurisdiction when: (1) the federal Plaintiff lost in state court; (2) Plaintiff complains of injuries caused by the state court judgment; (3) the judgment complained of was rendered before the federal suit was filed; and, (4) Plaintiff invites the District Court to review and reject the judgment." Dinardo v. City of Jersey City, 2012 U.S. Dist. LEXIS 71012 (D.N.J. May 21, 2012) (citations omitted). "The Rooker-Feldman doctrine is based on the statutory foundation of 42 U.S.C. § 1257 and the well-settled understanding that review of a State Court decision is reserved from the lower federal courts for the Supreme Court." Id. (internal quotations omitted).

The Court agrees with Defendants. The Appellate Division held that Arianna and Phoenix "fully complied with the Tax Sale Law" in assigning the tax sale certificate and completing the foreclosure. Arianna Holding, 2012 N.J. Super. Unpub. LEXIS 1109, at *5-7. Specifically, the Appellate Division stated that Plaintiff "provid[ed] no proof of fraud in either the transfer of the certificate or the prosecution of the foreclosure that would justify reopening the judgment" and that the "assignment of the certificate was undertaken in full compliance with the Tax Sale Law." Id. at *7.

Because Plaintiff's dispute was "actually litigated" in state court and his claims for relief in this Court are "inextricably intertwined" with that underlying state court adjudication, Plaintiff's claims against Defendants are precluded under the Rooker-Feldman doctrine. See Fleming v. Cape May County, No. 11-3994, 2011 U.S. Dist. LEXIS 148265, at *7-8 (D.N.J. Dec. 23, 2011) (dismissing the plaintiff's claims based on the Rooker-Feldman doctrine). In other words, in order to address Plaintiff's alleged injury – i.e. the assignment of the tax sale certificate to Arianna and the substitution of Arianna in the foreclosure matter – the Court would be required to review and potentially vacate the decisions of the Superior Court and the

5

Appellate Division. This is precisely what the Court is prohibited from doing under the Rooker-Feldman doctrine. Id. As such, dismissal is required because this Court lacks subject matter jurisdiction to adjudicate Plaintiff's claims against Defendants.[5]

## III. CONCLUSION

Based on the reasons set forth above, Defendants' motion to dismiss is granted without prejudice. To the extent the deficiencies in Plaintiff's claims can be cured by way of amendment, Plaintiff is granted fourteen (14) days to file an Amended Complaint solely for purposes of amending such claims. To the extent Plaintiff seeks to add any additional claims, a formal motion to amend should be filed in accordance with all applicable local and Federal rules, as well as any scheduling order which may be in place.

An appropriate Order accompanies this Opinion.

DATED: August 8, 2013

**CLAIRE C. CECCHI, U.S.D.J.**

---

[5] Because the Court dismisses Plaintiff's claims against Defendants based on the reasons set forth above, the Court need not address Defendants' additional arguments.