NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN BUDGE,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>ARRIANNA HOLDING COMPANY, LLC, ET AL,<br><br>　　　　　　　Defendants. | Civil Action No.: 13-0056 (CCC)<br><br>**OPINION** |

**CECCHI, District Judge.**

This matter comes before the Court on Plaintiff Steven Budge's ("Plaintiff") Motion for Reconsideration, Motion for Default Judgment, Motions to Amend the Complaint, and Motion to Stop the Sale of a House. (Pl.'s Mot. Recons., ECF No. 18; Pl.'s Mot. Am. Compl., ECF No. 22). The Court has considered the submissions made in support of and in opposition to the instant motions. The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. Based on the reasons that follow, Plaintiff's Motion for Reconsideration, Motion for Default Judgment, and Motion to Stop the Sale of a House are denied. Plaintiff's Motions to Amend the Complaint are denied without prejudice.

## I.　BACKGROUND[1]

Plaintiff was the owner of property located at 242 Outlook Boulevard, Old Bridge, New

---

[1] The following facts are taken from the complaint and documents submitted with the complaint.

Jersey (the "Property"). On March 8, 2006 the Township of Old Bridge sold Tax Sale Certificate No. 06022 for unpaid property taxes on the Property. (Tax Sale Certificate, Ex. A to Bonchi Cert.) Defendant Wachovia, as Custodian for Phoenix, purchased the tax sale certificate, which was subsequently recorded with the Middlesex County Clerk's Office on March 17, 2006.

Wachovia, as Custodian for Phoenix, filed a foreclosure complaint with the New Jersey Superior Court on June 30, 2008. (See Ex. B to Bonchi Cert.) On March 10, 2011, the Superior Court entered default against Plaintiff. (See Mar. 10, 2011 Order, Ex. C to Bonchi Cert.) Specifically, April 26, 2011 was set as the last date to redeem. (See Mar. 10, 2011 Order, Ex. D to Bonchi Cert.) Plaintiff filed a motion to vacate default in order to file a late pleading, which was denied by the Superior Court. (See Apr. 29, 2011 Order, Ex. E to Bonchi Cert.)

Plaintiff failed to redeem the tax lien and on May 4, 2011, Wachovia, as Custodian for Phoenix, assigned the subject tax sale certificate to Arianna Holding Company, LLC ("Arianna.") (See Ex. F to Bonchi Cert.) On May 25, 2011, Arianna was substituted as the plaintiff in the underlying foreclosure matter. (See May 25, 2011 Order, Ex. G to Bonchi Cert.) On that same day, final judgment was entered in favor of Arianna. (See Ex. H to Bonchi Cert.) Plaintiff filed an appeal with the Appellate Division, which affirmed the Superior Court's decision. See Arianna Holding Co., LLC v. Budge, 2012 N.J. Super. Unpub. LEXIS 1109 (App. Div. May 21, 2012). Plaintiff then filed a petition for certification with the Supreme Court of New Jersey, which was denied on October 18, 2012. Arianna Holding Co., LLC v. Budge, 212 N.J. 430 (N.J. 2012).

Plaintiff filed suit in this Court on January 1, 2013. (Pl.'s Compl.) On February 13, 2013, Defendants Arianna and Wachovia Bank as Custodian for Phoenix filed their motion to dismiss. (Arianna & Phoenix Mot. to Dismiss.) On May 24, 2013, Defendants Superior Court of New Jersey, Appellate Division; Superior Court of New Jersey, Middlesex Vicinage; Honorable Frank

M. Ciuffani, P.J.Ch.; Office of the Clerk of the Superior Court of New Jersey, Foreclosure Unit (hereafter the "State Defendants"), filed their motion to dismiss Plaintiff's complaint and any cross-claims as to the State Defendants. (State Defs.' Mot. to Dismiss.) On August 8, 2013, this Court granted Defendants Arianna and Wachovia Bank as Custodian for Phoenix's motion to dismiss Plaintiff's complaint without prejudice. This Court found that Plaintiff's claims were precluded under the Rooker-Feldmen doctrine. (Ct. Op. Aug. 8, 2013, 5.) On August 19, 2013, this Court granted State Defendants' motion to dismiss Plaintiff's complaint without prejudice. (Ct. Order Aug. 19, 2013.)

On September 9, 2013, Plaintiff filed a motion for reconsideration and a motion to amend the complaint. (Pl.'s Mot. Recons.) Defendants filed two separate briefs in opposition, Arianna and Phoenix on September 13, 2013, and the State Defendants on September 19, 2013. (Arianna & Phoenix's Br. Opp'n Mot. Recons.; State Defs.' Br. Opp'n Mot. Recons.)

On December 9, 2013, Plaintiff filed a motion to amend the complaint, a motion for default judgment, and a motion for a preliminary injunction. (Pl.'s Mot. Am. Compl.) On December 18, 2013, Arianna and Phoenix filed a brief in opposition. (Arianna & Phoenix's Br. Opp'n Mot. Am. Compl.) Plaintiff filed a reply brief on January 16, 2014. (Pl.'s Reply Br.)

**II.   DISCUSSION**

    **A.   Plaintiff's Motion For Reconsideration**

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. See Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1995). In the District of New Jersey, motions for reconsideration are governed by Local Rule 7.1(i). A district court exercises discretion on the issue of whether to grant a motion for reconsideration, N. River Ins. Co. v. Cigna Reins. Co., 52 F.3d 1194, 1203 (3d Cir. 1995), and

"[i]t is well-established in this district that a motion for reconsideration is an extremely limited procedural vehicle." Shafer v. United Title Ins. Co., No. 08–2884, 2009 WL 3052234, at *6 (D.N.J. Sept. 21, 2009) (citing Resorts Int'l v. Great Bay Hotel & Casino, 830 F. Supp. 826, 831 (D.N.J. 1992)).

"Local Rule 7.1(i) ... does not contemplate a recapitulation of arguments considered by the court before rendering its decision." In re Gabaptentin Patent Litig., 432 F. Supp. 2d 461, 463 (D.N.J. 2006) (citations omitted). Indeed, motions for reconsideration "are not an opportunity to argue what could have been, but was not, argued in the original set of moving and responsive papers," nor are such motions "an opportunity for the parties to avail themselves of additional briefing." Bowers v. Nat'l Collegiate Athletic Ass'n, 130 F. Supp. 2d 610, 613 (D.N.J. 2001). As such, a party seeking reconsideration must satisfy a high burden, and must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct a clear error of law or prevent manifest injustice. See Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); N. River Ins. Co., 52 F.3d at 1218. As this is a high burden, motions for reconsideration that simply re-argue the original motion are rarely granted. See Fellenz v. Lombard Inv. Corp., et al., 400 F. Supp. 2d 681, 683 (D.N.J. 2005).

In Plaintiff's original complaint, Plaintiff argues that the Defendants violated Civil RICO, committed fraud and clerical errors, violated the Fifth and Fourteenth Amendments, and that Defendants did not have standing to foreclose on his property. (Pl.'s Compl. 4-6.) In Plaintiff's motion for reconsideration, Plaintiff claims that there was a clerical error, and that Defendants violated Civil RICO, his Due Process rights, and committed fraud. (Pl.'s Mot. Recons.) The Court finds that Plaintiff's arguments on these issues are merely a recapitulation of the briefing originally

presented to the Court and do not provide a basis for reconsideration of the August 8, 2013 Opinion and Order. Compare (Pl.'s Compl. 4-6,) with (Pl.'s Mot. Recons.) Plaintiff's motion for reconsideration is hereby DENIED.

### B.     Plaintiff's Motion To Amend The Complaint

Plaintiff moves to amend the complaint to assert two claims, 1) that Defendants committed fraud in an alleged bid rigging scheme, and 2) to add defendants to the complaint. (Pl.'s Mot. Recons.; Pl.'s Mot. Am. Compl.)

Federal Rule of Civil Procedure 15(a) governs Plaintiff's motion to amend the complaint in this matter. Rule 15(a) instructs that leave "be freely given" in the interest of justice. Leave to amend may be denied, if the Court finds: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the non-moving party; or (4) futility of amendment. Foman v. Davis, 371 U.S. 178, 182 (1962); Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000).

"Futility means that the complaint, as amended, would fail to state a claim upon which relief could be granted." Holst v. Oxman, 290 F. App'x 508, 510 (3d Cir. 2008) (citation omitted). Under the futility inquiry, a court may deny a motion to amend if the proposed amendment "advances a claim or defense that is legally insufficient on its face." Harrison Beverage Co. v. Dribeck Imp., Inc., 133 F.R.D. 463, 468 (D.N.J. 1990). Additionally, the trial court may deny leave to amend where the amendment would not withstand a motion to dismiss. Massarsky v. Gen. Motors Corp., 706 F.2d 111, 125 (3d Cir. 1983). Although the Court is guided by Federal Rule of Civil Procedure 12(b)(6), the analysis "does not require the parties to engage in the equivalent of substantive motion practice upon the proposed new claim or defense." Id. at 469.

In Plaintiff's September 6, 2013 first amended complaint, Plaintiff seeks to add the claim that Defendants committed fraud through antitrust violations. (Pl.'s Mot. Recons. 10.)

Specifically, Plaintiff seeks to add a claim for "[e]xtrinsic fraud by bid rigging tax sale certificates." Id. at 6. In support of this claim, Plaintiff references an ongoing federal antitrust class action law suit. Id. at 10. Both the State Defendants and Defendants Arianna and Phoenix argue in opposition that Plaintiff's motion to amend the complaint should be denied as futile. (Arianna & Phoenix's Br. Opp'n Mot. Recons. 2-5; State Defs.' Br. Opp'n Mot. Recons. 5-7.)

In Plaintiff's December 9, 2013 second amended complaint, Plaintiff seeks to add defendants who are part of an ongoing investigation by the Department of Justice (the "Additional Defendants.") (Pl.'s Mot. Am. Compl. 2.) Plaintiff alleges that the Additional Defendants have engaged in affirmative and fraudulent concealment of their unlawful scheme. Id. at 6. Although Plaintiff alleges that the Additional Defendants committed fraud by purchasing tax certificates the same day that Plaintiff's tax certificate was sold, Plaintiff fails to explain to the Court how these Additional Defendants are related to his suit or how their actions harmed him. Defendants Arianna and Phoenix argue that this motion should also be denied as futile because it does not meet the heightened pleading requirements for fraud. (Arianna & Phoenix's Br. Opp'n Mot. Am. Compl. 9.)

Pursuant to Federal Rule of Civil Procedure 9(b), "a party must state with particularity the circumstances constituting fraud." To satisfy Rule 9(b), plaintiffs must "plead with particularity the 'circumstances' of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior." Seville Indus. Mach. Corp. v. Southmost Mach. Corp., 742 F.2d 786, 791 (3d Cir. 1984); Grant v. Turner, 505 F. App'x 107, 111 (3d Cir. 2012). "[A] complaint may either describe the circumstances of the alleged fraud with precise allegations of date, time, or place or may use some means of injecting precision and some

measure of substantiation into their allegations of fraud." In re Processed Egg Prods. Antitrust Litig., 851 F. Supp. 2d 867, 880 (E.D. Pa. 2012) (citing Bd. of Trs. of Teamsters Local 863 Pension Fund v. Foodtown, Inc., 296 F.3d 164, 172 n. 10 (3d Cir. 2002) (citation omitted)).

In Plaintiff's first amended complaint, he alleges generally that "[b]ecause of the unlawful conspiracy potential class members owed Defendants an inflated amount in order to clear their properties of liens, and . . . Defendants' actions often inflated the amount to such a degree that foreclosure proceedings on the property could not be avoided." (Pl.'s Mot. Recons. 11.) In Plaintiff's second amended complaint, Plaintiff seeks to add the Additional Defendants because of "their role in the collusion to obtain plaintiff's property." (Pl.'s Mot. Am. Compl. 2.)

Plaintiff does not allege in either complaint the way in which Defendants' actions specifically affected his property. Although Plaintiff continuously references the Department of Justice's investigation into the Additional Defendants for violating the Sherman Act, Plaintiff has failed to specifically allege how these violations resulted in injury to him or his property. See Matsushita Elec. Indus. Co., v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (finding that to allege an antitrust injury, the Plaintiff must show "more than a conspiracy in violation of the antitrust laws; they must show an injury to them resulting from the illegal conduct").

It is also unclear in this case what damages were caused specifically by Defendants' actions. As the Appellate Division of the Superior Court of New Jersey explained, after the Plaintiff failed to pay property tax, the Township sold a tax sale certificate to Wachovia as custodian for Phoenix. (Compl., Superior Ct. Docs. 2.[2]) The Superior Court found that Plaintiff's

---

[2] The Superior Court Documents were provided to the Court by Plaintiff as supporting documents to his complaint.

7

allegations of fraud were "unsubstantiated," Plaintiff had several years to redeem the certificate and made no effort to do so, Plaintiff "provides no proof of fraud in either the transfer of the certificate or the prosecution of the foreclosure," Plaintiff's "repetitive motions were designed only to delay the proceedings" and that Plaintiff admitted that he "had the ability to pay taxes, but chose not to as he considered the tax sale process 'tantamount to a high interest loan.'" (Compl., Superior Ct. Docs. 2-8.).

This Court is unconvinced that Plaintiff has the ability to allege a fraud claim against Defendant that meets the pleading standard of 9(b).

Accordingly, Plaintiff's motions to amend the complaint are DENIED without prejudice.

### C.     Plaintiff's Motion For Default Judgment

Federal Rule of Civil Procedure 55 governs the entry of default judgment. When considering default, the court will treat the factual allegations in the complaint as conceded by the defendant and will acknowledge them as true, except as to damages. See DIRECTV, Inc. v. Pepe, 431 F.3d 162, 165 (3d Cir. 2005). The court must make an independent determination regarding any question of law and will "consider whether the unchallenged facts constitute a legitimate cause of action." DIRECTV, Inc. v. Asher, No. 03–1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citation omitted).

A court will deny a default judgment if the complaint fails to state a claim under the motion to dismiss standard. J & J Sports Prods., Inc. v. Edrington, No. 10–3789, 2012 WL 525970, at *2 (D.N.J. Feb. 16, 2012); Ramirez v. Nacerima Indus., No. 10–01204, 2012 WL 3262466, at *1 (D.N.J. Aug. 8, 2012). To properly state a claim, a plaintiff must plead "sufficient factual matter to show that the claim is facially plausible, thus enabling the court to draw the reasonable inference that the defendant is liable for misconduct alleged." Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d

77, 84 (3d Cir. 2011) (quoting Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)). When considering whether to enter a default judgment, the Court may take into account a number of factors including: (1) whether the plaintiff will be prejudiced by denial of default judgment; (2) whether the defendant has a meritorious defense; and (3) whether the defendant's delay in responding is the result of his own culpable conduct. See Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000).

Plaintiff argues that the Court should enter a default judgment against Defendant Wachovia Bank for failure to plead or otherwise defend. (Pl.'s Mot. Am. Compl. 13). Mr. Bonchi, on behalf of Defendants Arianna and Phoenix, points to the January 28, 2013 answer to the complaint and argues that Wachovia did in fact respond to the complaint. (Arianna & Phoenix's Br. Opp'n Mot. Am. Compl. 15; see Arianna, Wachovia & Phoenix Answer.) The answer is styled as "Answer By Defendant Arianna Holding Company, LLC & Defendant Wachovia Bank as Custodian for Phoenix Funding, Inc." (Arianna, Wachovia & Phoenix Answer 1.) Although Plaintiff contends that Wachovia is unrepresented, notwithstanding the document entitled "Answer" on the docket, resolving this factual dispute is unnecessary for the Court to determine Plaintiff's default judgment motion. The Court found in its August 8, 2013 Opinion that the complaint fails to state a claim. Therefore, there is no complaint on which the Court could enter default judgment. Accordingly, Plaintiff's motion is DENIED.

### D.    Plaintiff's Motion for a Preliminary Injunction

Plaintiff has brought a motion to stop the sale of his house, which the Court interprets as a preliminary injunction.

"[A]n injunction is 'an extraordinary remedy, which should be granted only in limited circumstances.'" Novartis Consumer Health, Inc. v. Johnson & Johnson–Merck Consumer

Pharms. Co., 290 F.3d 578, 586 (3d Cir. 2002) (citations omitted). In considering whether to grant a preliminary injunction, a court must review the following factors: "(1) the likelihood that the moving party will succeed on the merits; (2) the extent to which the moving party will suffer irreparable harm without injunctive relief; (3) the extent to which the nonmoving party will suffer irreparable harm if the injunction is issued; and (4) the public interest." Shire U.S., Inc. v. Barr Labs., Inc., 329 F.3d 348, 352 (3d Cir. 2003). A party must produce sufficient evidence of all four factors for the requested injunctive relief to be awarded. Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc., 42 F.3d 1421, 1427 (3d Cir. 1994).

A party seeking a preliminary injunction must make "a clear showing of immediate irreparable injury." Hohe v. Casey, 868 F.2d 69, 72 (3d Cir. 1989) (quoting ECRI v. McGraw–Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987)). "Establishing a *risk* of irreparable harm is not enough." ECRI, 809 F.2d at 226 (emphasis added). Mere speculation as to an injury that will result, in the absence of any facts supporting such a claim, is insufficient to demonstrate irreparable harm. See Grupo Mexicano De Desarrollo v. Alliance Bond Fund, 527 U.S. 308, 327–30 (1999).

Plaintiff has not sufficiently demonstrated that he will suffer immediate irreparable injury in the absence of a preliminary injunction. Plaintiff merely states that "irreparable harm can occur" if the Court does not grant the injunction. (Pl.'s Mot. Am. Compl. 13.) Plaintiff has provided the Court with no reason why money damages in this case would be insufficient. Defendants Arianna and Phoenix argue in opposition that Plaintiff has failed to satisfy any of the prerequisites for injunctive relief. (Arianna & Phoenix's Br. Opp'n Mot. Am. Compl. 11). Even construing all facts and arguments in favor of the *pro se* plaintiff, there is nothing to demonstrate to the Court that Plaintiff has any likelihood of success on the merits or that he would suffer irreparable harm.

Because Plaintiff has not sufficiently met his burden as to these factors, Plaintiff's request for a preliminary injunction is DENIED.

## III.  CONCLUSION

Based on the reasons set forth above, Plaintiff's Motions are DENIED. Plaintiff is granted thirty (30) days to file a formal motion to amend in accordance with all applicable local and Federal rules, as well as any scheduling order which may be in place.

An appropriate Order accompanies this Opinion.

DATED: April 29, 2014

_____
**CLAIRE C. CECCHI, U.S.D.J.**