NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN BUDGE, | : |
| | : Civil Action No. 13-0056 (CCC) |
| Plaintiff, | : |
| | : |
| v. | : MEMORANDUM OPINION |
| | : |
| ARRIANNA HOLDING COMPANY, LLC, et al., | : |
| | : |
| Defendants. | : |

**CLARK, United States Magistrate Judge**

Currently pending before the Court is *pro se* Plaintiff Steven Budge's ("Plaintiff") motion for leave to amend his complaint [Docket Entry No. 37]. Defendants Arrianna Holding Company, LLC, Phoenix Funding, Inc. and William A. Collins (collectively, "Defendants") have opposed Plaintiff's motion [Docket Entry Nos. 38, 39]. The Court has fully reviewed and considered all arguments made in support of, and in opposition to, Plaintiff's motion. The Court considers Plaintiff's motion without oral argument pursuant to L.Civ.R. 78.1(b). For the reasons set forth more fully below, Plaintiff's motion to file an amended complaint is DENIED.

**I.   BACKGROUND**

The parties and the Court are all familiar with the facts underlying this litigation. As such, they are not restated at length herein.[1] This action arises out of a March 2006 public tax sale for unpaid property taxes on Plaintiff's property, located at 242 Outlook Boulevard, Old Bridge, New

---

[1] The facts relevant to this motion stated herein are taken from the District Court's prior Opinions issued in this case. *See* Docket Entry Nos. 15, 30.

1

Jersey. A foreclosure action on the property was filed in June 2008 which Plaintiff untimely opposed and ultimately lost. Plaintiff appealed the final judgment of the Superior Court to the Appellate Division, which affirmed the decision of the Superior Court. Plaintiff's petition for certification with the Supreme Court of New Jersey was subsequently denied.

This action was filed on January 1, 2013 and Defendants moved to dismiss Plaintiff's complaint in lieu of an answer on February 13, 2013, arguing that Plaintiff's claims were precluded by the Rooker-Feldman doctrine. The District Court agreed and on August 19, 2013 granted Defendants' motions while also giving Plaintiff leave to amend to cure any deficiencies, if possible. *See August 19, 2013 Opinion* ("Opinion I"); Docket Entry No. 15.

In the months that followed, several motions were filed by Plaintiff. *See* Docket Entry Nos. 18, 22. In an Opinion dated April 29, 2014, the District Court denied Plaintiff's motions for reconsideration, to amend the complaint, for default judgment and for a preliminary injunction. *See April 29, 2014 Opinion* ("Opinion II"); Docket Entry No. 30. Again, the Court granted Plaintiff leave to file a motion to amend the complaint. The instant motion followed.

## II. LEGAL STANDARD

The decision to grant or deny leave to amend is committed to the sound discretion of the Court. *Gay v. Petsock,* 917 F.2d 768, 772 (3d Cir. 1990). Pursuant to FED.R.CIV.P. 15(a)(2), leave to amend the pleadings is generally granted freely. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id.* However, where there is an absence of undue delay, bad faith, prejudice or

futility, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.,* 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted). To evaluate futility the District Court uses "the same standard of legal sufficiency" as applied for a motion to dismiss under Rule 12(b)(6). *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). "Accordingly, if a claim is vulnerable to dismissal under Rule 12(b)(6), but the plaintiff moves to amend, leave to amend generally must be granted unless the amendment would not cure the deficiency." *Id.*

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2).[2] Citing its opinion in *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" *Iqbal,* 129 S. Ct. at 1949 (quoting *Twombly,* 550 U.S. at 555), the Supreme Court identified two working principles underlying the failure to state a claim standard.

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice .... Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of

---

[2] Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct. No technical form is required." FED.R.CIV.P. 8(d).

3

>misconduct, the complaint has alleged--but it has not "show[n]"--"that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

*Iqbal,* 129 S. Ct. at 1949-1950 (citations omitted). The Court further explained that:

>a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 1950.

Thus, to prevent a summary dismissal, a civil complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Id.* at 1949. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. *Id.* at 1949-50.

### III.  DISCUSSION

At the outset, the Court notes that it has accepted Plaintiff's filing as timely. Although not docketed until August 4, 2014, the date on Plaintiff's submission is June 27, 2014.[3] As such, the Court will consider the motion timely, given that Plaintiff was given an extension until June 30, 2014 to file same.

Plaintiff seeks to amend his complaint[4] to add various causes of action: 1) a violation of Section 1 of the Sherman Antitrust Act, 15 U.S.C. §1; 2) violations of the New Jersey Antitrust

---

[3] It appears that, due to a clerical error, Plaintiff's instant motion was not timely docketed by the Clerk's Office. As a result, the case was dismissed and marked closed by the District Court on July 18, 2014. However, Plaintiff's motion was ultimately filed and backdated to reflect same. Therefore, because the error was rectified and Plaintiff's motion deemed timely, Plaintiff need not have made the additional showing that the case be reopened first. *See Janese v. Fay*, 692 F.3d 221, 229 (2d Cir. 2012) (Explaining that, once judgment is entered, it is still possible to amend the pleadings, but not until after the judgment is set aside or vacated pursuant to Rule 59(e) or Rule 60(b)).

[4] Plaintiff did not file a legal brief with his motion, but instead appears to rely solely on the proposed amended complaint itself.

4

Act, N.J.S.A. 56:9-3 and N.J.S.A. 54:5-63.1 for charging an excessive fee in connection with the redemption of a tax sale certificate; and 4) unjust enrichment. *See Proposed Amended Complaint* at 45-51; Docket Entry No. 37.[5]   It also appears from the amended complaint that Plaintiff is seeking to add over a dozen additional defendants to this action.  Defendants oppose Plaintiff's motion, arguing that it fails to state a claim upon which relief could be granted, and is barred by the Rooker-Feldman doctrine, *res judicata* and collateral estoppel.

Upon a review of the proposed amended complaint and the arguments made by Defendants, the Court finds that all amendments and indeed, the entire complaint, fails as a matter of law and is therefore futile.  Plaintiff's instant proposed amended complaint is nothing more than a lengthier version of the previous amended complaints, which have been denied by this Court. *See* Docket Entry Nos. 15, 30.  As the District Court previously noted, Plaintiffs' allegations fail to allege "the way in which Defendants' actions specifically affected his property." *Opinion II* at 7.  Likewise, Plaintiffs' instant complaint alleges no facts other than that the Defendants were purchasing and bidding on tax sale certificates on the same day the tax certificate at issue was purchased and that, as a result, the "interest rate, fees, penalties, cost, Redemption (*sic*) associated with the [tax sale certificate] on the Plaintiffs (*sic*) property was artificially inflated, and Plaintiff has been damaged thereby." *Prop. Am. Compl.* at ¶23.  These are the same allegations previously advanced by Plaintiff. *See e.g. Plaintiff's Motion for Reconsideration and to Amend* ("Motion to Amend I") at 11; Docket Entry No. 18 ("Defendants and their co-conspirators secretly rigged the bids…in order

---

[5] Although not specifically outlined as a cause of action in Plaintiff's complaint, Plaintiff once again alleges that Defendants have engaged in a "fraudulent scheme" and that they have committed common law fraud. *See Prop. Am. Compl.* at 38, 42, 53.  Likewise, Plaintiff's first motion to amend contained similar allegations that were dismissed by the District Court. *See generally Plaintiff's Motion for Reconsideration and to Amend;* Docket Entry No. 18.  In ruling against Plaintiff, the District Court specifically found that "[t]his Court is unconvinced that Plaintiff has the ability to allege a fraud claim against Defendant that meets the pleading standard of [Fed. R. Civ. P.] 9(b)." *Opinion II* at 8.  Therefore, to the extent that Plaintiff had the intention to allege common law fraud as a separate cause of action, the Court finds that the same reasoning applies to Plaintiff's instant proposed complaint as well, rendering the claim futile.

to guarantee that the interest rate would stay artificially high") ("Defendants' actions often inflated the amount to such a degree that foreclosure proceedings on the property could not be avoided"); *see also Plaintiff's Motion to Amend the Complaint and for Default Judgment* ("Motion to Amend II") at 6; Docket Entry No. 22-1 ("the above defendants purchased tax certificates on the same day as plaintiffs (*sic*) [tax certificate] was sold.")

Again, Plaintiff relies heavily on the fact that an investigation has been conducted by the Department of Justice and that several of the proposed Defendants have pled guilty to violations of the Sherman Act. Nevertheless, this argument was also previously rejected by the District Court because of Plaintiff's failure to plead facts relating to his property. *Opinion II* at 7 ("Although Plaintiff continuously references the Department of Justice's investigation into the Additional Defendants for violating the Sherman Act, Plaintiff has failed to specifically allege how these violations resulted in injury to him or his property.") Moreover, Plaintiff advances the same causes of action that have been previously dismissed without alleging any additional facts. In Plaintiff's second motion to amend, he alleges the following, in unedited form: "The Plaintiffs Claim for Relief, alleges, among other things, A violation of the Sherman Act, Section one, 15 U.S.C. The New Jersey Antitrust Act N.J.S.A. 56:9-3. and multiple provisions of the New Jersey Tax Lien Laws, N.J.S.A. 54:1 et seq." *Motion to Amend II* at 10 (emphasis omitted). Additionally, that motion also states that "Defendants were Unjustly Enriched and damaged plaintiff." *Id.* at 11 (emphasis omitted).

The Court finds that there is no significant difference between the instant proposed amended complaint and Plaintiff's prior proposed amended complaints. Therefore, for the reasons set forth above, and in the District Court's prior Opinions denying Plaintiff's motions to amend, the Court finds that Plaintiff's proposed amended complaint fails as a matter of law and is therefore

futile.  As such, the Court need not address Defendants' remaining arguments with respect to the Rooker-Feldman doctrine, *res judicata* and collateral estoppel.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's motion to amend is DENIED.  An appropriate Order follows.

Dated: December 15, 2014

                                            s/James B. Clark, III
                                            **HONORABLE JAMES B. CLARK, III**
                                            **UNITED STATES MAGISTRATE JUDGE**